IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

**CRYSTAL BUTLER, by next friend**          **PLAINTIFF**
**DEBRA BUTLER**

VS.                         Case No. 04-CV-1075

**THE CITY OF EL DORADO;**
**EL DORADO SCHOOL DISTRICT # 15,**
**UNION COUNTY, ARKANSAS;**
**JAMES BISHOP; and**
**ERIC CLARK**                              **DEFENDANTS**

## ORDER

Before the Court is Separate Defendant El Dorado School District #15, Union County, Arkansas's (hereinafter "the El Dorado School District") Motion for Summary Judgment. (Doc. 35). Plaintiff Crystal Butler, by next friend Debra Butler (hereinafter "Crystal") has responded. (Doc. 42). The El Dorado School District has filed a reply brief. (Doc. 55). On March 27, 2006, the Court held a hearing on the motion for summary judgment. The Court finds this motion ripe for consideration and for the following reasons finds the motion should be granted in part and denied in part without prejudice to refiling after the parties have conducted further discovery.

**I.      Procedural Background**

The facts of this lawsuit arise from Crystal's allegations of her sexual assault by four fellow students on April 1, 2002, while she was performing clean-up at the Union County Recreation Complex. Crystal filed her original complaint in Union County Circuit Court against the El Dorado School District, the El Dorado Police Department, and James Bishop and Eric Clark. Crystal's complaint was removed to this Court by the El Dorado School District in July 2004. By the Court's order of September 13, 2004, the El Dorado Police Department was dismissed as a Separate Defendant in this lawsuit and the City of El Dorado was substituted in its place. Following the service of the complaint on the Defendants, the Clerk of the Court entered a default against Separate Defendant Clark. However, after learning that Separate Defendants

Clark and Bishop were in bankruptcy, the Court entered an order staying all proceedings against them. The Court has since lifted this bankruptcy stay. After discovery, but before the bankruptcy stay was lifted, the El Dorado School District filed a motion for summary judgment.

Following the El Dorado School District's motion for summary judgment, Crystal amended her complaint. Crystal's amended complaint: (1) dropped her Eighth Amendment claims and substituted the Fifth Amendment in their place; (2) clarified certain factual allegations: specifically, dropping any references to facts the Defendants "should have known," and substituting "knew" it their place; (3) added allegations that Defendants placed her in a position of danger, without permission from her mother; (4) clarified her allegations that Defendants' conduct was intentional; and (5) clarified the policies, customs or procedures which caused her alleged constitutional deprivation. The Court will consider the motion for summary judgment in the context of Crystal's most recent amended complaint.

**II.  Discussion**

Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, the evidence reveals no material issues of fact and the moving party is entitled to judgment as a matter of law. Thomforde v. IBM, 406 F.3d 500, 503 (8th Cir. 2005). The El Dorado School District's first argument in support of its motion for summary judgment is that the Eighth Amendment to the U.S. Constitution has no application to this case. Crystal has mooted any discussion of this argument by dropping her Eighth Amendment claims in her most recent amended complaint, but if the Court were to decide, the Court would have been inclined to agree with the El Dorado School District.

Crystal alleges that the El Dorado School District violated her substantive due process right to be free from sexual assault. The El Dorado School District argues in support of its motion for summary judgment, "a States's failure to protect an individual from private violence simply does not constitute a violation of the Due Process Clause." DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 197 (1989).

Starting from this premise, the Eighth Circuit has recognized two exceptions to this "no duty to protect" rule. The first is when the State has a sufficient custodial relationship with the injured party. Dorothy J. v. Little Rock Sch. Dist., 7 F.3d 729, 732-34 (8th Cir. 1993). In Dorothy J., the Eighth Circuit held that compulsory school education did not rise to the level creating a duty to protect under the custodial relationship exception. In this case, the allegations of Crystal's complaint are insufficient to show a custodial relationship sufficient to justify a finding of a duty to protect on the part of the El Dorado School District. Therefore, summary judgment as to this portion of Crystal's claims is appropriate.

However, Dorothy J., and numerous other courts, have recognized a second exception to the "no-duty-to-protect" rule: a constitutional duty can exist if the state acts affirmatively to place someone in a position of danger, that he or she would not otherwise have faced, more commonly known as the "state-created danger" rule. Crystal's most recent amended complaint seems to focus on this exception:

> On April 1, 2002, the Plaintiff, Crystal Butler, a mentally retarded, minor, female student, was taken by the Defendant James Bishop–an employee of Separate Defendant, City of El Dorado–and Defendant, Eric Clark–an employee of Separate Defendant, El Dorado School District No. 15–along with four (4) male students, to the Union County Recreation Complex to do clean-up around the facility . . . [o]nce at the complex, Defendants, James Bishop and Eric Clark left the Plaintiff unattended and unprotected and unprotected with the four male students–whereupon the four (4) male students sexually assaulted the Plaintiff . . . Defendants James Bishop and Eric Clark, knew that Plaintiff Crystal Butler, as mentally retarded . . . Defendants James Bishop and Eric Clark, knew of the criminal propensities of the four (4) males students and that Plaintiff was exposed to danger . . . Defendants placed Plaintiff in a position of danger when they left her in the company of the four male students above under the circumstances then existing.

The El Dorado School District is correct in stating that liability under Section 1983 does not apply in cases of inaction and there must be an affirmative act. However, the El Dorado School District is incorrect in stating that the state-created danger doctrine has no application to this case. Dorothy J. applied this exception to the record before it and numerous other courts of appeal have applied the state-created danger exception to public schools.

The summary judgment record is wholly undeveloped as to Crystal's allegation that "the Defendants placed Plaintiff in a position of danger when they left her in the company of the four male students . . . under the circumstances then existing." This could be partly because on November 11, 2005, the Court entered an Order staying the proceedings against Separate Defendants Bishop and Clark (Doc. 33) which was recently lifted. (Doc. 53). The Court finds the prudential approach is to allow the parties to conduct further discovery with respect to Defendants Bishop and Clark (the two Defendants that Crystal alleges left her in a position of danger). Then the El Dorado School District may renew its motion for summary judgment and the Court will decide whether Crystal has shown that the "state-created danger" exception is met and the El Dorado School District owed her a constitutional duty.

Finally, the El Dorado School district argues that Crystal has alleged only negligent conduct, which cannot give rise to liability for violations of 42 U.S.C. § 1983 and which the school district is immune from suit. See Avalos v. City of Glenwood, 382 F.3d 792 (8th Cir. 2004)("[m]ere negligence is not conscience-shocking and cannot support a claim alleging a violation of a plaintiff's substantive due process rights."). See also Ark. Code Ann. § 21-9-301 (1996). The Court agrees with this general statement of law as correct. However, since the Court is deferring its ruling on the state-created danger exception until further discovery, it need not decide the motion on this ground at this time.

### III. Conclusion

For the foregoing reasons finds the motion for summary judgment should be and hereby is **granted in part** and **denied in part without prejudice to refiling** after the parties have conducted further discovery. To the extent that Crystal's due process claims against the El Dorado School district arise out of a custodial relationship between Crystal and El Dorado School district they are dismissed with prejudice.

**IT IS SO ORDERED** this 24th day of May, 2006.

                    /s/ Harry F. Barnes
                    Hon. Harry F. Barnes
                    U.S. District Judge