IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CRYSTAL BUTLER, by next friend   PLAINTIFF
DEBRA BUTLER

VS.                CASE NO. 04-CV-1075

CITY of EL DORADO,
EL DORADO SCHOOL DISTRICT NO. 15,
JAMES BISHOP and ERIC CLARK        DEFENDANTS

## MEMORANDUM OPINION

Before the Court is Separate Defendant El Dorado School District No. 15's ("the School District") Renewed Motion for Summary Judgment. (Doc. 69). Plaintiff has responded. (Doc. 81). The School District has replied to Plaintiff's response. (Doc. 85). The Court finds the matter ripe for consideration.

At the outset, it should be noted that only the School District has moved for summary judgment. Therefore, the Court will focus on the role of the School District in the case in deciding the instant motion.

## I. BACKGROUND

Plaintiff Crystal Butler ("Crystal") brings this lawsuit pursuant to 42 U.S.C. § 1983, alleging violations of her Constitutional rights under the Due Process Clause of the Fifth and Fourteenth Amendments. Crystal claims that the School District, the City of El Dorado, and individuals James Bishop and Eric Clark intentionally violated her right to bodily integrity and her right to be free from unlawful assault in allowing her to be raped on April 1, 2002. At the time of the incident, Crystal was in the seventh grade at Watson Educational Center. The facts of that incident arise out of Crystal's suspension from school for bringing a toy cell phone to class. As part of her suspension, Defendants

James Bishop and Eric Clark took Crystal and a number of male students to the Union County Recreation Center to perform clean-up services during school hours. Once out of sight of their supervisors, a group of students held Crystal down while another student raped her.

## II. DISCUSSION

### A. Standard of Review

The standard of review for summary judgment is well established. Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed. 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed. 202 (1986). In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Co-Op.*, 446 F.3d 841 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Genuine issues of material fact exist where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. Where no reasonable jury could render a verdict for the plaintiff, however, summary judgment is properly granted to a defendant. *Taylor v. White*, 321 F.3d 710, 715 (8th Cir. 2003).

### B. § 1983 Claims

Crystal alleges that Defendants, including the School District, violated her Constitutional

rights while acting under color of law by intentionally subjecting her to a sexual assault. Plaintiffs proceeding under 42 U.S.C. § 1983 must prove a (1) violation of a Constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right. *Hart v. City of Little Rock*, 432 F.3d 801, 804 (8th Cir. 2005); *Kuha v. City of Minnetonka*, 365 F.3d 590, 606 (8th Cir. 2003). The School District, in its Renewed Motion for Summary Judgment, denies that Crystal has been deprived of any recognizable Constitutional right.

In responding to the School District's Renewed Motion for Summary Judgment, Crystal relies upon *Shrum ex rel. Kelly v. Kluck*, 249 F.3d 773 (8th Cir. 2001), which states: "It is well-settled that the Due Process Clause of the Fourteenth Amendment protects the liberty interest of a child in public school from sexual abuse." *Id.* at 778 (*citing Rogers v. City of Little Rock*, 152 F.3d 790, 796 (8th Cir. 1998)). The Court finds Crystal's reliance on this language from *Shrum* misplaced. Instead, the general rule here is that states have no affirmative obligation to protect individuals against private violence. *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 197, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989) ("*DeShaney*"). The Due Process Clause of the Fourteenth Amendment is not violated where the state fails to protect individuals from private violence, because it is "phrased as a limitation on a state's power to act, not as a guarantee of certain minimal levels of safety and security." *Id*. at 196. As a result, public schools do not have a duty to protect schoolchildren from private violence. *Shrum*, 249 F.3d at 781 (*citing Vernonia Sch. Dist. v. Acton*, 515 U.S. 646, 655, 115 S.Ct. 2386, 132 L.Ed.2d 564 (1995)). Therefore, since Crystal's assault occurred at the hands of private actors, Crystal must seek shelter under an exception to the *DeShaney* rule.

Two exceptions to *DeShaney* exist. The first exception provides for an affirmative duty of the state to protect individuals in its custody. *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th

Cir. 1992). Because compulsory school attendance does not amount to "custody" for the purposes of this exception, *Dorothy J. v. Little Rock Sch. Dist.*, 7 F.3d 729, 732-34 (8th Cir. 2003), this Court granted summary judgment in favor of the School District on Crystal's claims as far as they arose out of an alleged custodial relationship. (Doc. 65).

With the first exception to *DeShaney* removed from the case, the Court turns to the second exception, commonly known as the "state-created danger" rule. This exception applies where the state acts affirmatively to place someone in a position of danger that he or she otherwise would not have faced. *Hart*, 432 F.3d at 805. The test for the state-created danger exception is whether the behavior of the government officer is "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Id.*; *Hawkins v. Halloway*, 316 F.3d 777, 780 (8th Cir. 2003). To establish this exception, Crystal must prove: 1) membership in a limited, precisely definable group; 2) that the School District's conduct put her at significant risk of serious, immediate and proximate harm; 3) that this risk was obvious or known to the School District; 4) that the School District acted recklessly in conscious disregard of the risk; and 5) that, in total, the School District's conduct shocks the conscience. *Avalos v. City of Greenwood*, 382 F.3d 792, 798 (8th Cir. 2004).

The culpability threshold is high in these cases, and courts repeatedly hold that mere negligence can never be conscious shocking under this standard. *See Terry B. v. Gilkey*, 229 F.3d 680, 684 (8th Cir. 2000). Further, the Eighth Circuit has held that even gross negligence is not actionable under § 1983. *S.S. v. McMullen*, 225 F.3d 960, 964 (8th Cir. 2000). Instead, to be actionable as a violation of substantive due process, a plaintiff must prove an abuse of power so brutal and offensive that the conduct does not comport with traditional ideas of fair play and decency. *Avalos*, 382 F.3d at 800. In sum, substantive due process "is concerned with violations of personal

rights ... so severe ... so disproportionate to the need presented, and ... so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power literally shocking to the conscience." *Morgan v. Clarke*, 296 F.3d 638, 647 (8th Cir. 2002)(*quoting In re Scott County Master Docket*, 672 F.Supp. 1152, 1166 (D. Minn. 1987)).

The School District, in its briefs in support of its motion for summary judgment, argues that the state-created danger theory is inapplicable in this case. The Court disagrees. In support of this position, the School District cites *Shrum*, which states that "school districts are not susceptible to this state-created danger theory of 1983 liability." 249 F.3d at 781. However, *Shrum* reached this conclusion because "state-mandated school attendance does not entail so restrictive a custodial relationship as to impose a duty upon the state." *Id*. (*citing Dorothy J.*, 7 F.3d at 732-34). In essence, the School District argues that second exception to *DeShaney*, the state-created danger rule, can be defeated by proving the requirements of the first are not met. The Court finds this argument unpersuasive.

The Court is persuaded, however, that the School District's conduct in this case does not meet the significantly high culpability threshold of shocking the conscience. The material facts are not in dispute. As previously stated, the School District suspended Crystal when she brought a toy cell phone to school. As part of her suspension, Crystal was required to perform clean-up at the Union County Recreation Complex, a location off school grounds. Crystal and a number of other students were taken to this location by Defendants Eric Clark and James Bishop. While there, Crystal was made to work with several male students. While the group was working out of sight of the supervisors, four of these students sexually assaulted Crystal. Crystal alleges that these facts amount to intentional conduct on the part of the School District aimed at subjecting her to a foreseeable sexual

assault.

In response to Crystal's allegations of intentional conduct, the School District included with its motion for summary judgment the affidavit of Bob Watson, Superintendent of the School District, (Doc. 72-2, pg. 7). In his affidavit, Watson states that the School District did not intend to harm Crystal, and that no order, directive or rule of the School District directed anyone to assault or injure Crystal. In responding to the summary judgment motion, Crystal fails to meet this proof with proof, as required by Fed. R. Civ. P. 56(e). Crystal attempts to rest upon mere allegations and denials of the School District's pleadings, which Rule 56(e) specifically disallows.

Viewing all the evidence in a light most favorable to Crystal, the party resisting summary judgment, the Court finds that Crystal has alleged facts rising only to the level of negligence or gross negligence on the part of the School District. Essentially, Crystal's case against the School District can be reduced to the allegation that the School District failed to properly supervise the suspended students on their trip to the Union County Recreation Complex. The Court finds the record bereft of any evidence indicating that the School District intended for this awful and tragic incident to occur. Quite simply, the School District's conduct is this case does not shock the conscience of the Court. As previously stated, the culpability threshold in this case requires allegations that shock the contemporary conscience. *Avalos*, 382 F.3d at 800. Negligence and even gross negligence are insufficient as a matter of law to give rise to an actionable violation of a public school student's substantive due process rights. *McMullen*, 225 F.3d at 964; *Terry B.*, 229 F.3d at 684. As a result, the School District is entitled to summary judgment on Crystal's Due Process claims.

**C. Immunity**

The School District also moves for summary judgment on the grounds that it is immune from suit. Under Arkansas law, "[i]t is declared to be the public policy of the State of Arkansas that all ... school districts ... shall be immune from [tort] liability and from suit for damages except to the extent that they may be covered by liability insurance. No tort action shall lie against any such political subdivision because of the acts of its agents and employees." ARK. CODE ANN. § 21-9-301; *see also Rudd v. Pulaski County Special Sch. Dist*. 341 Ark. 794, 802, 20 S.W.3d 310, 315 (2000); *Cousins v. Dennis*, 298 Ark. 310, 767 S.W.2d 296 (1989); *Matthews v. Martin*, 280 Ark. 345, 658 S.W.2d 374 (1983). It is undisputed that the School District does not carry liability insurance. (Doc. 72-2, pg. 7). However, in its Statement of Undisputed Facts, the School District states that Crystal "has alleged only violations of [her] Constitutional rights under the Fifth and Fourteenth Amendments." (Doc. 71, pg. 1, ¶ 1). Having asserted that Crystal's claims arise under the Constitution, the School District cannot rely on Ark. Code Ann. § 21-9-301, which speaks only in terms of tort immunity. The Court denies the School District's motion for summary judgment to the extent that it rests upon immunity grounds.

### III. CONCLUSION

For reasons discussed herein and above, the Court finds that Separate Defendant El Dorado School District No. 15's Renewed Motion for Summary Judgment should be and hereby is **GRANTED**. An order of even date, consistent with this opinion, shall issue.

**IT IS SO ORDERED**, this 11th day of September, 2006.

                                                  /s/Harry F. Barnes
                                                  Hon. Harry F. Barnes
                                                  United States District Judge